# In the United States Court of Federal Claims

AARON T. KICINSKI,

               Plaintiff,

               v.

THE UNITED STATES,

               Defendant.

No. 24-cv-372

Filed: August 6, 2024

*Aaron T. Kicinski*, Madison Heights, Michigan, Plaintiff, appearing *pro se*.

*Daniel A. Hoffman*, United States Department of Justice, Civil Division, Washington, D.C., appearing for Defendant.

## MEMORANDUM & ORDER

Plaintiff Aaron Thomas Kicinski, appearing *pro se*, purportedly brings this action against the United States.  Though difficult to discern, the Court construes Plaintiff's claims to pertain to alleged delays regarding his receipt of social security benefits.[1]  Complaint (ECF No. 1) (Compl.) at 1–2.[2]  Pending before the Court is Defendant's Motion to Dismiss (ECF No. 9) (Def. Mot.). Defendant contends that Plaintiff's claims must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (Rule(s)).  Def. Mot. at 1.  For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(h)(3).  Further, even assuming, *arguendo*, that Plaintiff had

---

[1] While Plaintiff only refers to "SSDI" in both his Complaint (ECF No. 1) and Response to Defendant's Motion to Dismiss (ECF No. 10) (Pl. Resp.), the Court understands and construes this acronym to be in reference to "Social Security Disability Insurance."

[2] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

properly pleaded jurisdictional claims, this Court would nevertheless be required to dismiss his claims pursuant to Rule 12(b)(6) as Plaintiff fails to state a claim upon which relief may be granted.[3]

## BACKGROUND

On March 6, 2024, Plaintiff filed his Complaint, seeking relief related to the receipt of "SSDI" benefits.  Compl. at 1.  In his Complaint, Plaintiff argues he "should of [sic] walked out of [the] physc [sic] ward in 2016 with SSDI already applied for after being petitioned by police." *Id.*  The Court interprets this as a reference to Plaintiff's November 2016 "mentally ill charge."[4] Compl. ¶ 1.  Plaintiff notes in the "2nd Qtr [of] 2017," he filed for Social Security Disability Insurance (SSDI), *see supra* note 1, and then reapplied in "mid 2018" for the same.  Compl. ¶¶ 2– 3.  While reapplying in "mid 2018" for SSDI, Plaintiff also applied for state benefits, namely a "bridge card + cash assistance."  *Id.* ¶ 3.  In December 2022, Plaintiff's SSDI application was approved.  *Id.* ¶ 4.  Plaintiff alleges this approval coincided with five years of Plaintiff having "no warm water," as it had been out "since December 2017."[5]  *Id.* ¶ 5.

---

[3] The Court recognizes that while Defendant did not independently assert an affirmative 12(b)(6) defense, "the Court of Federal Claims 'may dismiss *sua sponte* under Rule 12(b)(6), provided that the pleadings sufficiently evidence a basis for that action.'"  *M.R. Pittman Group, LLC v. United States*, 68 F.4th 1275, 1282 (Fed. Cir. 2023) (quoting *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006)).  A *sua sponte* dismissal for failure to state a claim is proper if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Anaheim Gardens*, 444 F.3d at 1315 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

[4] Plaintiff attached as an exhibit a docket search result from the 16th Judicial Circuit Court Macomb County Probate Court in Michigan.  ECF No. 1-2 (Mentally Ill Petition) at 1.  The docket report indicates this "Mentally Ill Petition" is "Closed," and Plaintiff does not dispute those findings here.  *Id.*  Since Plaintiff makes only glancing reference to (and does not take issue with) the "Mentally Ill Petition," the Court does not address it here.

[5] While Plaintiff does not identify a particular party that is responsible for his alleged lack of warm water, even the most liberal construction of his Complaint does not meet this Court's jurisdiction,

On April 30, 2024, Defendant timely moved to dismiss this action, contending Plaintiff's claims all "fail[] to articulate a claim cognizable in this Court." Def. Mot. at 1. Defendant argues that "the equitable relief Mr. Kicinski appears to seek" is based upon neither "an express or implied-in-fact contract with the United States" nor a "money-mandating provision of law, as required by the Tucker Act." *Id.* Defendant further contends that this Court "does not possess jurisdiction to entertain suits against states or state officials." *Id.* at 2. Lastly, Defendant contends that "Mr. Kicinski has not alleged that he exhausted his administrative remedies," thus precluding even a district court from having jurisdiction.[6] *Id.*

On May 28, 2024, Plaintiff filed a Response to Defendant's Motion to Dismiss, arguing that a motion to dismiss "does not constitute as an answer" to a complaint, and therefore requesting the Court deny Defendant's Motion to Dismiss. Pl. Resp. at 3. As a result, Plaintiff requests the Clerk of Court enter what the Court interprets to be a default judgment in favor of Plaintiff. *Id.* ("Therefore, I ask . . . default entry is [sic] entered by clerk."). Lastly, Plaintiff clarifies that "[t]he reason for this lawsuit is the length of time it took to get approved for SSDI benefits." *Id.* at 2.

---

which is "confined to the rendition of money judgments in suits brought for that relief against the United States." *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (citations omitted). Further, the Court of Federal Claims lacks subject matter jurisdiction to entertain suits against state and local governments, their entities, or their employees. *See Langan v. United States*, 812 F. App'x 982, 985 (Fed. Cir. 2020) (affirming the Court of Federal Claims' dismissal of claims against state and local governmental officials for lack of subject matter jurisdiction). As such, this specific "relief sought . . . must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588 (citations omitted).

[6] While Plaintiff later nakedly asserts in his "Letter to Court" (ECF No. 13) (Pl. Ltr.) that he has "exhausted [his] administrative remedies with the ssa," (presumably, Social Security Administration) this fact would only potentially provide for jurisdiction in a federal district court. *See Jackson v. United States*, 80 Fed. Cl. 560, 564 (2008) (citing *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990)) ("[T]he United States Court of Appeals for the Federal Circuit, which reviews decisions of this Court, has consistently held that the Court of Federal Claims cannot hear and decide claims for social security benefits."). It does not alter this Court's finding that it lacks jurisdiction to adjudicate Plaintiff's claims.

On May 31, 2024, Defendant filed its Reply, which largely repeated Defendant's arguments about the jurisdictional and procedural deficiencies identified in its Motion to Dismiss. Defendant's Reply in Support of Motion to Dismiss (ECF No. 11) (Def. Reply) at 1–2.  On June 14, 2024, Plaintiff submitted, with leave of Court, a "Letter to Court" as an additional rebuttal to Defendant's Motion to Dismiss.  *See* Pl. Ltr.  In his letter, Plaintiff purports to, "establish[] diversity jurisdiction with an amount over $75,000"[7] and "asserts that he is entitled to payment by the government."  *Id*. at 1.  Plaintiff further notes he has "exhausted [his] administrative remedies with the [SSA]" and seeks "punitive and compensatory damages."  *Id*.

## APPLICABLE LEGAL STANDARD

The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create any enforceable right against the United States on its own.  *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).  To establish a right under the Tucker Act that falls within this Court's limited jurisdiction, a plaintiff must identify an independent

---

[7] A federal district court's diversity jurisdiction statute is inapposite to this Court's limited subject matter jurisdiction.  "In determining whether the Court of Federal Claims has jurisdiction, all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source."  *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008).  Accordingly, "in order to come within the [Court's] jurisdictional reach," a plaintiff must establish that "a separate source of substantive law . . . creates the right to money damages" from the United States.  *Id*. (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).

4

"money-mandating" source. *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021). Specifically, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Accordingly, this Court's jurisdiction does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *Id.* at 216.

Additionally, while this Court's limited jurisdiction permits adjudication of monetary claims against the United States, this Court lacks jurisdiction over claims against private parties, non-federal government entities, and federal officials acting in their individual capacities. *See Sherwood*, 312 U.S. at 588; *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Courts have consistently held that the jurisdiction of the Court of Federal Claims is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation for their violation.") (collecting cases). Further, this Court's limited jurisdiction does not extend to actions against individual states or municipalities. *See Treviño v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014) (confirming that the Court of Federal Claims "lacks jurisdiction over [Plaintiff's] claims against states, localities, state and local government officials, state courts, state prisons, or state employees").

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines*, 739 F.3d at 692; *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014). However, this Court must, *sua sponte*, dismiss claims outside its limited subject matter jurisdiction. *See* Rule 12(h)(3) ("If the

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A *pro se* litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* plaintiffs, however, must still prove this Court's jurisdiction by a preponderance of the evidence. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While *pro se* complaints are liberally construed, it "does not excuse [] failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) (observing that with due deference to the construction of a complaint, and respect to jurisdictional requirements, "a court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only").

## **DISCUSSION**

Even under the most liberal construction of Plaintiff's Complaint, this Court lacks subject matter jurisdiction over his claims pursuant to Rules 12(b)(1) and 12(h)(3). First, Plaintiff's claim regarding his Social Security is not properly within the Court's jurisdiction. Second, to the extent Plaintiff's remaining claims can be understood as against state government actors or municipalities, they are also not within the Court's jurisdiction. Additionally, even if Plaintiff had pleaded claims within this Court's subject matter jurisdiction (which, he did not), Plaintiff's Complaint, even liberally construed, fails to plausibly demonstrate a claim for relief as required by Rule 12(b)(6). Accordingly, this Court dismisses Plaintiff's claims for lack of subject matter jurisdiction, and in the alternative, for failure to state a claim.

I.    **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Social Security Claims**

Plaintiff avers that he applied for SSDI in the "2nd Qtr [of] 2017" and "reapplied" in "mid 2018." Compl. ¶¶ 2–3. He then alleges that his SSDI was approved in December 2022. *Id.* ¶ 4. Plaintiff clarified in his Response that the "reason for this lawsuit" was both the "length of time it took to get approved for SSDI benefits" and the "length of time to received [sic] first benefit." Pl. Resp. at 2.[8] However, it is inapposite to this Court's review whether Plaintiff is contesting the timing of his approval for SSDI or the timing of his receipt of the same because the Court of Federal Claims cannot "adjudicate claims arising under the Social Security Act." *Addams-More v. United States*, 296 F. App'x 45, 46, 47 (Fed. Cir. 2008). The Federal Circuit has repeatedly held that jurisdiction to adjudicate disputes regarding Social Security is plainly not vested in the Court of Federal Claims. *See, e.g.*, *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) ("[W]e hold that the Claims Court has no jurisdiction under the Tucker Act over claims to social security benefits[.]") (internal citation omitted); *Arunga v. United States*, 465 F. App'x 966, 968 (Fed. Cir. 2012) (holding that 42 U.S.C. § 405 "makes clear that the Court of Federal Claims lacks jurisdiction [over] claims for social security benefits"); *Greene v. United States*, No. 2023-1776, 2023 WL 6475429, at *1 (Fed. Cir. Oct. 5, 2023) ("[T]he Court of Federal Claims' jurisdiction under the Tucker Act does not extend to claims, like [Plaintiff's], for social security benefits."). The Court of Federal Claims may not "entertain claims to review decisions affecting Social

---

[8] While Plaintiff's Response is not properly contained within his Complaint, this Court has previously, in its discretion, permitted a *pro se* plaintiff's response brief to be a "clarification of the statement of claims presented in the complaint." *Evans v. United States*, No. 15–1095, 2016 WL 3006988, at *2 n.3 (Fed. Cl. May 17, 2016) (citing *Gardner v. United States*, No. 10–451, 2011 WL 678429, at *4 n.5 (Fed. Cl. Feb. 17, 2011); *Watson v. United States*, No. 06–716, 2007 WL 5171595, at *6–7 (Fed. Cl. Jan. 26, 2007)). *See also Findley v. United States*, No. 16–683, 2017 WL 464548, at *2 (Fed. Cl. Feb. 3, 2017) (emphasis added) (positing that the court "examined the complaint *and* plaintiff's response brief thoroughly in an attempt to discern plaintiff's claims and legal arguments").

Security disability assistance" since jurisdiction to adjudicate such claims is vested in the district courts. *Watts v. United States*, 17 Cl. Ct. 290, 293 (1989) (citing 42 U.S.C. § 405(g)). In support of his claim, Plaintiff attempts to direct the Court's attention to "clerical work cited" at "MDR ORS 814 650." Pl. Resp. at 2. It is unclear what this citation references, but it is neither "evidence establishing the court's jurisdiction," *Reynolds*, 846 F.2d at 748, nor evidence in "support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (citations omitted). As such, the Court lacks jurisdiction to address Plaintiff's claims regarding his social security benefits.

II.    **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Remaining Claims**

In his Response, Plaintiff alleges the "length of time to received [sic] first benefit" was "due to clerical work." Pl. Resp. at 2. While Plaintiff makes no explicit claims against the State of Michigan, this Court notes that its jurisdiction "is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against [parties other than the] United States . . . [they] must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588 (internal citations omitted). Given state governments and municipalities are responsible for "state benefits," these claims cannot be read against the United States. As such, the Court of Federal Claims has no jurisdiction to adjudicate those claims. *See, e.g.*, *Treviño*, 557 F. App'x at 998 (affirming that the Court of Federal Claims "lacks jurisdiction over [Plaintiff's] claims against states, localities, state and local government officials, state courts, state prisons, or state employees"); *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself."). As this Court is not the proper forum for resolving Plaintiff's grievances regarding the "clerical work," of the Social Security

Administration, or any state or local government, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's action.[9]  *See* Pl. Resp. at 2.

**III.**     **Alternatively, Plaintiff Fails to State a Claim**

Even if, *arguendo*, Plaintiff had properly pleaded claims within this Court's subject matter jurisdiction, this Court would still be required to dismiss Plaintiff's claims for failure to state a claim under Rule 12(b)(6).  When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), this Court must "take as true all undisputed facts alleged in the complaint and draw all reasonable inferences based on those allegations." *Vasko v. United States*, 581 F. App'x 894, 897 (Fed. Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  To withstand dismissal, a complaint "must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief."  *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Twombly*, 550 U.S. at 545, 557).  Despite the deference afforded to a *pro se* Plaintiff, this Court "cannot excuse a litigant's failure to bring a claim entitled to legal remedy."  *Steffen v. United States*, 995 F.3d 1377, 1380 (Fed. Cir. 2021); *see also Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (affirming dismissal of all but one allegation where "even when liberally construed, [the claims] were insufficient to require any further proceedings"); *Estelle*, 429 U.S. at 107 ("Even applying these liberal standards, however, [Plaintiff]'s claims . . . are not cognizable[.]").  Even allowing a "reasonable inference from the facts alleged in the complaint . . . to establish an allegation," there are no facts which would lead Plaintiff to recovery based upon his lodged complaints.  *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1379 (Fed. Cir. 2001).  Even though the Court may "scour *pro se* pleadings in search [of] a legal argument," *Steffen*, 995 F.3d at 1380, the complainant must still "allege facts 'plausibly suggesting (not merely consistent

---

[9] *See infra* note 7.

with)' a showing of entitlement to relief." *Kam–Almaz v. United States*, 682 F.3d 1364, 1367 (Fed. Cir. 2012) (quoting *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d at 853 (quoting *Twombly*, 550 U.S. at 557)).   Because Plaintiff fails to plead any facts plausibly suggesting a showing of entitlement to relief, this Court alternatively dismisses Plaintiff's claim for failure to state a claim pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, this Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 9) pursuant to Rules 12(b)(1) and 12(h)(3), and alternatively pursuant to Rule 12(b)(6).  Plaintiff's Complaint is dismissed without leave to replead.  The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

Dated: August 6, 2024
Washington, D.C.

10